(May 8, 1894.)

## INGRAM v. STATE WAGON ROAD COMMISSION.

[36 Pac. 702.]

STATE WAGON ROAD ACT CONSTRUED—CONTRACT FOR CONSTRUCTION.— The act of the legislature providing for the construction of a system of state wagon roads (see Session Laws of Idaho of 1893, page 23) contemplates that a contract may be let for the construction of a section of said road, although the appropriation to the division of which such section is a part is not sufficient to complete the entire division.

(Syllabus by the court.)

ORIGINAL proceeding in Supreme Court by writ of mandate.

Frank E. Fogg and J. F. Ailshie, for Plaintiff.

The commission duly passed an order and resolution accepting applicant's proposal awarding him the contract and authorizing their officers to proceed without delay to notify the plaintiff herein of the acceptance of his proposal and to proceed to

the execution of said contract on the part of said commission. The secretary and president refused to execute and deliver said contract. It was the duty of the president and secretary to execute upon the part of the commission said contract, providing the proceedings awarding the same are authorized by law, and providing that nothing has occurred since the said proceedings that would now render said contract illegal. The duty imposed on the secretary and president is purely ministerial and involves the exercise of no discretion on their part, providing, of course, that the execution of said order and proceedings of said commission do not involve the doing or participation in an illegal or unauthorized act by said officers. (2 Dillon on Municipal Corporations, sec. 834; *Board of Liquidation v. McCumber,* 92 U. S. 531; *Middleton v. Low,* 30 Cal. 596.) It is a cardinal rule of construction that effect, if possible, must be given to every letter, word, phrase and clause of a statute. Any construction which fails to give effect to the word and letter of the statute, or which would leave any clause as meaningless, or give it an absurd signification, is never admissible whenever any other interpretation is possible. (23 Am. & Eng. Ency. of Law, 309; *City of San Diego v. Granniss,* 77 Cal. 511, 19 Pac. 875.)

George M. Parsons, Attorney General, for Commission, and James W. Reid, for Idaho county.

No brief filed.

SULLVAN, J.—This is an application for a writ of mandate against the state wagon road commission, N. J. Sharp, its president, and John Hunter, its secretary, to compel the execution and delivery to the plaintiff of a contract in due form for the construction of a certain section of the state wagon road, provided for by an act of the legislature entitled, "An act to provide for the internal improvement of the state by the construction of a system of wagon roads," etc. (Sess. Laws 1893, p. 23.) The alternative writ was issued, and the defendants answered. It appears from the record that all of the preliminary acts required to be performed by the act authorizing the construction of said road had been complied with as to the

Salmon river division of said road. It further appears from the record that said section of said road had been let to plaintiff after proper notice given. The only question for determination is whether a single section of a division of said road could be legally let for construction until every section in a division was let for an aggregate sum not greater than the amount appropriated for such division. After a most careful consideration of said act, I am of the opinion that said question should be answered in the affirmative. At the time the act was passed no survey of the proposed system of roads had been made, and no definite estimate had been or could be made as to the cost of the completion of said roads. It was evidently the intention of the legislature to have the amount appropriated to each division expended toward its construction, and, if the sum appropriated for the construction of each division was not sufficient to complete the same, that such sum should nevertheless be expended toward its completion. A peremptory writ of mandate is granted as prayed for, with costs in favor of plaintiff.

Huston, C. J., and Morgan, J., concur.